# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **Case No. 25-CR-218 (CRC)** |
| | : | |
| **PRES BRADDY,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S MOTION TO ADMIT OTHER CRIMES EVIDENCE PURSUNT TO FEDERAL RULE OF EVIDENCE 404(b) AND TO IMPEACH THE DEFENDANT WITH PRIOR CONVICTIONS PURSUANT TO FEDERAL RULE OF EVIDENCE 609

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully gives notice that it intends to admit certain evidence pursuant to Federal Rules of Evidence 401 and 404(b) and to Impeach the Defendant with Prior Convictions pursuant to Fed. R. Evid. 609. First, the Government intends on offering evidence of the Defendant's prior conviction in Superior Court Case No. 2016 CF2 21171 for unlawfully possessing a firearm as evidence of the Defendant's intent, knowledge, and absence of mistake under Rule 404(b). Second, the Government seeks to introduce images from the Defendant's cell phone that are evidence of the Defendant's prior and continuing access to and possession of a handgun bearing a serial number BXAL751. This evidence is intrinsic to the charged offense because it involved *the same firearm* recovered from the rear passenger seat of a vehicle from which the Defendant fled. Additionally, the evidence is admissible pursuant to Federal Rule of Evidence 404(b), as it is evidence of criminal conduct to prove defendant had access to the firearm that is the subject of the charged offense in this case. Third, the Government hereby provides notice

that if Defendant were to testify at trial, the Government would seek to impeach him with the prior convictions detailed herein pursuant to Rule 609.

# BACKGROUND[1]

## *The Charged Offense*

On Sunday August 27, 2023, officers with MPD's Fourth District Crime Suppression Team, including Officers Duckett, Ariemma, Al-Shrawi, and Toth responded to a call from Metropolitan Air Support regarding a stolen, white Jeep Grand Cherokee SRT bearing Maryland License Plate 7BM7988. The MPD Air Support helicopter illuminated the stolen white Jeep, which began to flee at high speed.

After trying to escape the helicopter, the stolen Jeep blew a tire while traveling eastbound on New York Avenue NW. The Jeep drove over the center barrier on New York Avenue and continued into oncoming traffic and onto North Capitol Street NW. The Jeep was travelling at approximately 10-15 miles per hour with only 3 tires, and it eventually became inoperable.

The Jeep came to a complete stop in the road in front of 12 R Street NE. As the Jeep stopped, Inspector Pulliam, Third District Unit Officer Rogers, the MPD Air Support Unit, and multiple other MPD units that were canvassing in the area saw four (4) individuals exit the vehicle and began to run in separate directions. The driver of the Jeep was stopped at 13 Quincy Place NE and identified as Ronnell Dennis Jr. A black male with a white shirt, later identified as Kazon Cassion, was observed fleeing from the front passenger-side seat of the vehicle with a dark in color backpack. A black male with a black shirt, later identified as Pres Braddy, was observed fleeing from the rear passenger-side seat of the vehicle. Both Cassion and Braddy initially fled westbound

---

[1]     This factual summary is being provided only as background information to aid the Court in considering the Government's motions. It is not a complete description of all facts and evidence that might be established and admitted at a hearing or at trial.

in the Unit block of R Street NE. Cassion was stopped at the intersection of Lincoln Road and R Street NE by Officer Rogers but was no longer carrying the backpack. Braddy was stopped by Officers Toth and Al-Shrawi in front of 1711 Lincoln Road NE. Officers never lost sight of Cassion or Braddy after they exited the vehicle.

The fourth suspect, who was wearing a white shirt, entered the passenger side of a gray Honda and drove away to Prince George's County. The MPD Air Support helicopter then broke off and monitored the path of this suspect in the gray Honda.

Once officers secured the suspects, they returned to the stolen Jeep and observed through the open rear passenger side door, in plain view, a magazine with ammunition on the rear passenger side seat.



*Figure 1 - Rear passenger seat (from which Braddy fled)*

A second magazine was discovered in the back storage area of the Jeep, along with the Glock 23 Gen 5 firearm bearing serial number BXAL751. The firearm was diagonally behind

where Braddy was sitting in the Jeep, i.e., where it would have landed had Braddy thrown the firearm into the back of the Jeep.



*Figure 2 Firearm recovered from back storage area of the Jeep*



*Figure 3 Magazine recovered in back storage area of the Jeep from behind a cooler*

K9 Officer Shifflett arrived with a canine. The canine tracked the backpack that Cassion carried when he left the vehicle to the front yard of 12 R St NE under a bush and in Cassion's flight path. The canine gave a positive alert on the backpack for the presence of a firearm. The backpack contained a pistol and 207 grams of marijuana in 7 clear bags and loose unpackaged marijuana.

A WALES/NCIC query of the Glock 23 with serial# BXAL751 recovered from the trunk of the vehicle revealed it to be stolen out of PG County Maryland on April 23, 2023. The stolen firearm, the magazine, and ammunition seized from the trunk of the vehicle was accessible to all occupants of the vehicle, as the trunk area of the vehicle was not separated or divided by any barriers. The magazine and ammunition recovered from the rear passenger seat was accessible to all occupants of the vehicle as well. Cassion was observed in possession of the backpack when exiting the vehicle, and the backpack was recovered in the direct flight path of Cassion.

The 2021 Jeep Grand Cherokee was entered as stolen in WALES/NCIC on 6/5/2023. (VIN 1C4RJFDJ9FC744262). A WALES/NCIC check revealed that the Maryland license plate 7BM7988 belongs on a 2014 Toyota.

The firearm found in the Jeep trunk, the magazine found on the rear passenger seat, and the magazine found in the trunk were swabbed for DNA and tested against a buccal swab from Braddy. The results were *very strong support for inclusion* on both the magazine in the rear passenger seat and firearm in the trunk. The magazine found in the trunk of the Jeep came back with *limited* support for inclusion.

**Item 3 (Swabs from magazine from back seat)**

Male DNA was obtained from item 3. Item 3 was interpreted as originating from one individual.

The DNA results from item 3 are 36 octillion times more likely if BRADDY, JR. is a contributor than if an unknown, unrelated person is a contributor.

| Person of Interest (POI) | Likelihood Ratio (LR)[3] | Level of Support[4] |
|---|---|---|
| BRADDY, JR. | $3.6 \times 10^{28}$ (36 octillion) | Very Strong Support for **Inclusion** |

DENNIS, JR. is excluded as a potential contributor to item 3.[5]

**Item 4 (Swabs from pistol from trunk)**

Male DNA[6] was obtained from item 4. Item 4 was interpreted as originating from three individuals.

The DNA results from item 4 are 14 octillion times more likely if BRADDY, JR. and two unknown, unrelated people are contributors than if three unknown, unrelated people are contributors.

| Person of Interest (POI) | Likelihood Ratio (LR)[3] | Level of Support[4] |
|---|---|---|
| BRADDY, JR. | $1.4 \times 10^{28}$ (14 octillion) | Very Strong Support for **Inclusion** |

**Item 5 (Swabs from magazine from trunk)**

Male DNA[6] was obtained from item 5. Item 5 was interpreted as originating from two individuals.

The DNA results from item 5 are 62 times more likely if BRADDY, JR. and an unknown, unrelated person are contributors than if two unknown, unrelated people are contributors.

| Person of Interest (POI) | Likelihood Ratio (LR)[3] | Level of Support[4] |
|---|---|---|
| BRADDY, JR. | 62 | Limited Support for **Inclusion** |

***Evidence Recovered from the Defendant's Cell Phone***

When officers found the Defendant's cell phone, the home screen of the locked cell phone showed an image of a black handgun with serial BXAL751, the same serial number as the firearm found in the trunk area of the vehicle.



***Figure 4 – Defendant's phone's home screen (left) and enlarged portion of the home screen showing the firearm's serial number (right)***

A search warrant was later executed for the contents of the phone which revealed numerous photographs of the Defendant possessing firearms and a video of the Defendant firing a firearm on a gun range. One of the photographs on the phone appeared to be the same image depicted on the phone's locked home screen, showing the black firearm bearing serial number BXAL751. According to metadata from the photograph, the photograph was created on July 5, 2023 – less than two months before the instant offense.



*Figure 5 - Photograph from Defendant's Phone (left) and serial number enlarged (right)*



*Figure 6 - Photograph of firearm recovered from the suspect vehicle*

### Defendant's 2016 Firearm Conviction

On December 28, 2016, at approximately 3:15 PM, officers with the Metropolitan Police Department Third District executed a search warrant at 4616 5th Street NW. Officers found the Defendant coming down the stairs inside the residence. A warrant check revealed that the Defendant had multiple open warrants. Inside of the residence, officers found an empty handgun

magazine in the basement, a black Ruger SR9 nine-millimeter handgun with 16 rounds of ammunition in the magazine and one in the chamber. The firearm was found in a second-floor front bedroom on a closet shelf. The bedroom belonged to the Defendant, and in fact, officers retrieved a pair of shoes for the Defendant for purposes of transporting him to the station. Officers also found the Defendant's social security card in the bedroom. On September 13, 2017, the defendant pleaded guilty in D.C. Superior Court Case No. 2016 CF2 21171 to one count of Unlawful Possession of a Firearm.

## ARGUMENT

The Defendant is charged by indictment with one count of Unlawful Possession of a Firearm and Ammunition by a Person who had Previously Been Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1). Since the firearm was not found on the Defendant's person, the Government anticipates the Defendant will argue that he did not possess the firearm. The evidence of the Defendant's prior conviction for unlawful possession a firearm should be admitted pursuant to Federal Rule of Evidence 404(b), as it would assist the Government in establishing that the Defendant's possession of the firearm in this case was knowing, voluntary, and not the product of mistake.[2] Additionally, evidence from the defendant's cell phone showing prior possession of the same firearm at issue in this case, less than two months prior to his arrest in this matter, should be admitted as it is intrinsic to the offense for which the defendant is charged. Alternatively, in the unlikely event that the Court finds that the evidence is not intrinsic to the charged offense, the evidence is properly admissible under Federal Rule of Evidence 404(b).

---

[2]     The Defendant's pretrial pleadings and representations in Court have not indicated what the Defendant's theory of the case will be. If the Defendant affirmatively represents to the Court that he will not make an argument that he possessed the gun by mistake or accident, or some similar argument, then this Court will not need to reach the 404(b) issue.

Finally, to the extent that the Defendant may elect to testify at trial, the Government seeks to impeach his credibility with his prior felony convictions. As set forth below, where the Government introduces prior felony convictions as other crimes evidence, the Defendant will not be prejudiced by the Government using those same convictions for impeachment purposes if the Defendant chooses to testify at trial. But even if the convictions are not admitted as other crimes evidence, the probative value of impeaching the Defendant with his prior felony convictions outweighs any prejudicial effect.

## I.    Evidence of Prior Conviction Involving the Possession of a Firearm

The Government seeks to introduce the facts related to the Defendant's 2016 conviction for Unlawful Possession of a Firearm as evidence that the Defendant knowingly possessed the firearm in this case.

In District of Columbia Superior Court Docket Number 2016 CF2 021171, the Defendant pleaded guilty on September 13, 2017, and was sentenced on September 26, 2017, for Unlawful Possession of a Firearm. Due to the nature of the charged offense and circumstances of the incident in this case, the issue of the Defendant's knowing and intentional possession of the firearm may be a disputed issue of fact. The Government would seek to admit the handgun possession conviction as evidence of Defendant's intent, knowledge, and absence of mistake in possessing the firearm in this case.

### A. Legal Standard

Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a Defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. *See United States v. Bowie*, 232 F.3d 923, 926, 930 (D.C. Cir. 2000) (citing Fed. R. Evid. 404(b)). As the United States Court of Appeals for the D.C. Circuit has instructed, Rule 404(b) is a rule of "inclusion rather than exclusion." *Bowie*, 232

F.3d at 929. Specifically, "[a]lthough the first sentence of Rule 404(b) is 'framed restrictively,' the rule itself 'is quite permissive,' prohibiting the admission of 'other crimes' evidence 'in but one circumstance' — for the purpose of proving that a person's actions conformed to his character." *Bowie*, 232 F.3d at 929-30 (quoting *United States v. Crowder*, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (*en banc*) ("*Crowder II*")); *accord United States v. Cassell*, 292 F.3d 788, 792 (D.C. Cir. 2002) ("[A]ny purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered *solely* to prove character") (quoting *United States v. Miller*, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original)).

There is a two-pronged test for determining whether evidence of prior crimes is admissible under Rule 404(b). First, the evidence must be "probative of a material issue other than character." *Miller*, 895 F.2d at 1435 (citation omitted). Second, the evidence is subject to the balancing test of Fed. R. Evid. 403, so that it is inadmissible only if the prejudicial effect of admitting the evidence "substantially outweighs" its probative value. *Id.* Furthermore, it is not enough that the evidence is simply prejudicial; the prejudice must be "unfair." *Cassell*, 292 F.3d at 796 (quoting *Dollar v. Long Mf'g, N.C., Inc.*, 561 F.2d 613, 618 (5th Cir. 1977) for the proposition that "[v]irtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'"); *United States v. Pettiford*, 517 F.3d 584, 590 (D.C. Cir. 2008) ("[T]he Rule focuses on the danger of *unfair* prejudice, and gives the court discretion to exclude evidence only if that danger *substantially* outweigh[s] the evidence's probative value.") (citations omitted) (emphasis in original).

Admission of Rule 404(b) evidence is permitted in the Government's case-in-chief. Specifically, the Government is entitled to anticipate the Defendant's denial of intent and knowledge and introduce similar act evidence in its case-in-chief. *See United States v. Inserra*, 34 F.3d 83, 90 (2d Cir. 1994) ("[Rule 404(b) other crimes evidence] is admissible during the

government's case-in-chief if it is apparent that the Defendant will dispute that issue"); *United States v. Lewis*, 759 F.2d 1316, 1349 n.14 (8th Cir. 1985) ("It was not necessary for the government to await Defendant's denial of intent or knowledge before introducing [Rule 404(b) other crimes] evidence; instead the government may anticipate the defense and introduce it in its case-in-chief"); *United States v. Bussey*, 432 F.2d 1330, 1333 n.13 (D.C. Cir. 1970) (noting that 404(b) other crimes evidence to prove identity and to prove that prior and subsequent offenses are so identical as to mark them as handiwork of the Defendant should be introduced in the Government's case-in-chief).  But at the least, the evidence would be admissible to rebut any claim by the Defendant that he possessed the gun by mistake or accident.

### B.  The Defendant's Prior Conviction for Unlawful Possession of a Firearm is Appropriate Rule 404(b) Evidence for the Charged Offense

Here, evidence of the Defendant's prior possession of a firearm, consisting of his prior guilty plea for that offense, is relevant and probative to an issue other than character—that the charged act was done knowingly and intentionally, and was not the result of inadvertence, mistake, or accident. The probative value of this evidence would be particularly significant in this case—where the firearm is not found on the Defendant's person—if the defense disputes the fact that the Defendant had knowledge or intent to possess the firearm recovered on the street right in the area where the Defendant was struggling to get into a moving vehicle.

The Rule 404(b) evidence that the Government seeks to admit at trial is the same sort of other crimes evidence for which admission at trial has been upheld in the past. For example, in *Crowder II*, other narcotics evidence was admitted to show the Defendant's knowledge, intent, and motive in the possession of the narcotics at issue in the case. 141 F.3d at 1208. The D.C. Circuit instructed:

> A Defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show that he knew how to get

> drugs, what they looked like, where to sell them and so forth. Evidence of a
> Defendant's experience in dealing drugs — evidence that is, of his 'bad acts' —
> thus may be a 'brick' in the 'wall' of evidence needed to prove possession. *See* Fed.
> R. Evid. 401, advisory committee notes.

*Id.* at 1209 n.5; *United States v. Thorne*, 18-CR-389 (BAH), 2020 WL 122985 *11 (D.D.C. Jan.

10. 2020).

Consistent with *Crowder II*, the D.C. Circuit has a longstanding and consistent rule of

allowing the admission of "other crimes" evidence relating to the possession of drugs and firearms

under Rule 404(b). *See, e.g.*, *United States v. McCarson*, 527 F.3d 170, 174 (D.C. Cir. 2008)

(finding two prior PWID convictions and two firearm convictions "were not only relevant; they

were also highly probative of both [the Defendant's] intent to distribute the crack cocaine and his

constructive possession of the gun and the drugs" (emphasis added); *Pettiford*, 517 F.3d at 590

(finding that prior conviction for distributing cocaine from his car "made it substantially more

likely that [the Defendant] knew that there was (and intended that there be) crack in the console of

the Ford — and that he intended to distribute that crack"); *United States v. Douglas*, 482 F.3d 591,

597 (D.C. Cir. 2007) ("Evidence that [the Defendant] previously possessed and distributed crack

cocaine to an undercover police officer 'has a tendency to make' it 'more probable,' Fed. R. Evid.

401, both that he knew the nature of the substance . . . and that he intended to distribute it"); *United

States v. Burch*, 156 F.3d 1315, 1324 (D.C. Cir. 1998) (finding evidence of prior arrest and

conviction for attempted possession with the intent to distribute on the same block was relevant to

show knowledge and intent); *United States v. Latney*, 108 F.3d 1446, 1448 (D.C. Cir. 1997)

(finding evidence of Defendant's other possession of crack cocaine admissible in a trial charging

the Defendant with the aiding and abetting of distribution of crack); *United States v. Washington*,

969 F.2d 1073, 1080-81 (D.C. Cir. 1992) (finding 404(b) evidence of Defendant's prior charges

of distribution and possession with intent to distribute narcotics to be admissible to demonstrate

intent, knowledge, plan, and absence of mistake); *United States v. Harrison*, 679 F.2d 942, 948 (D.C. Cir. 1982) (finding evidence of Defendant's prior drug trafficking admissible in PWID trial to show intent, preparation, plan and knowledge); *United States v. Johnson*, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (holding that it was proper to admit evidence of a prior drug transaction as bearing on intent to possess narcotics); *see also United States v. Moore*, 75 F. Supp. 3d 444, 451-452 (D.D.C. 2014) (finding prior unlawful possession of a firearm evidence admissible under Rule 404(b) to show intent or lack of mistake); *United States v. Knight*, No. 07-CR-81 (CKK), 2007 WL 1760929, at *5 (D.D.C. Jun. 18, 2007) ("Defendant's prior possession of a sizeable quantity of cocaine base and a smaller quantity of marijuana may be admitted for the purpose of demonstrating Defendant Knight's intent, knowledge, and absence of mistake with respect to his [PWID cocaine and marijuana charges] in the instant case").

Moreover, "knowledge of firearms is a permissible purpose under Rule 404(b)." *United States v. Bell*, 795 F.3d 88, 99 (D.C. Cir. 2015); *see also Cassell*, 292 F.3d at 794-95 ("A prior history of intentionally possessing guns . . . is certainly relevant to the determination of whether a person . . . on the occasion under litigation knew what he was possessing and intended to do so."). Indeed, "the D.C. Circuit has consistently allowed the admission of other crimes evidence relating to possession of drugs and firearms under Rule 404(b) to demonstrate knowing possession and absence of mistake." *United States v. Williams*, 20-CR-121 (CJN), 2020 WL 7318006, at *4 (D.D.C. Dec. 10, 2020) ("A prior gun possession conviction is certainly relevant to demonstrate that [Defendant] was familiar with guns, and that his possession of a gun at the time of his arrest was not an inadvertent mistake.") (citing cases); *see also United States v. Ford*, 15-CR-25 (PLF), 2016 WL 259640, at *6 (D.D.C. Jan. 21, 2016) (concluding that the Defendant's "2012 arrest and juvenile adjudication for firearms possession is probative of his intent to possess firearms in the

instant case."); *United States v. Allen*, 226 Fed. App'x 290, 291 (4th Cir. 2007) (*per curiam*) (holding that evidence of a Defendant's prior assaults and gun possession was admissible under Rule 404(b) to show knowing possession at trial for violation of 18 U.S.C. § 922(g)(1)).

**C. The Probative Value of the Defendant's Prior Conviction Is Not Substantially Outweighed by the Danger of Unfair Prejudice**

Evidence admissible under Rule 404(b) is, of course, like all evidence, subject to the restrictions of Rule 403. *See United States v. Moore*, 732 F.2d 983, 987 (D.C. Cir. 1984). In this case, the highly probative value of the Government's proffered 404(b) evidence is not substantially outweighed by potential *unfair* prejudice[3] to the Defendant. Any potential prejudice is not unique to this case — where the Government has shown a permissible non-propensity purpose — but is common of all 404(b) evidence. Such evidence "almost unavoidably raises the danger that the jury will improperly 'conclude that because [the Defendant] committed some other crime, he must have committed the one charged in the indictment.'" *United States v. Douglas*, 482 F.3d 591, 601 (D.C. Cir. 2007) (quoting *Crowder II*, 141 F.3d at 1210). Prejudice in this attenuated sense cannot justify a *per se* rule of exclusion. *See Crowder II*, 141 F.3d at 1210. Instead, the defense must show "compelling or unique" evidence of prejudice, *United States v. Mitchell*, 49 F.3d 769, 777 (D.C. Cir. 1995), distinct from the probative value of the evidence and distinct from the intrinsic prejudicial potential of any 404(b) evidence. The D.C. Circuit has consistently minimized the residual risk of prejudice not by exclusion, but by issuing limiting instructions to the jury. *See*, *e.g.*, *Douglas*, 482 F.3d at 601 (emphasizing the significance of the district court's instructions to jury on the permissible and impermissible uses of the evidence); *Pettiford*, 517 F.3d at 590 (same); *Crowder II*, 141 F.3d at 1210 (stating that mitigating instructions to jury enter into the Rule 403

---

[3] The Government intends to lay the factual basis for the prior conduct with a transcript of the Defendant's guilty plea from the prior conviction as well as the factual proffer from the Defendant's written plea agreement with the Government.

balancing analysis). Moreover, it bears noting that the prior conduct does not allege any violence, use of the firearm, threats, or other complex facts that would inflame or confuse the jury. Thus, because the Government's 404(b) evidence is not unduly prejudicial, its admission is appropriate.

Moreover, the fact that the conviction stems from conduct seven years prior to the charged conduct does not create the kind of unfair prejudice that substantially outweighs the prior conduct's probative value. Indeed, the age of a prior weapons offense does not diminish one's present knowledge or intent to exercise dominion or control over a firearm. *United States v. Fields*, 2019 WL 690347 at \*2 (D.D.C. Feb 19, 2019). In fact, other circuits have rejected temporal bright-line exclusions for 404(b) evidence. *United States v. Thorne*, 2020 WL 122985 at \*16 (D.D.C. Jan. 10, 2020) (collecting cases).[4] The operative question is whether the evidence seemed stale. *United States v. Oral George Thompson*, 921 F.3d 263, 269 (D.C. 2019). In this regard, courts in this circuit have admitted prior conduct during comparative timeframes. *Fields*, 2019 WL 690347 at \*2 (admitting 16-year old and 23-year-old gun offenses); *United States v. Anderson*, 174 F.Supp.3d 494, 495-6 (D.D.C. 2016) (conditionally admitting evidence of prior possession of a firearm from six years earlier); *Garner*, 396 F.3d at 439 (D.C. Cir. 2005) (admitting evidence of prior possession of firearm under similar circumstances four years earlier); *Cassell,* 292 F.3d at 790 (admitting

---

[4] Citing to *United States v. Thornton*, 515 F. App'x 101, 103 (3d Cir. 2013) ("Rule 404 does not put any express limit on the time that can elapse between the conduct underlying a prior conviction and the conduct underlying a charged offense, and we have not imposed a limit."); *United States v. Nava*, 83 F. App'x 172, 173 (9th Cir. 2003) ("There is no bright-line rule requiring the court to exclude evidence of other acts after a certain period has elapsed." (citing *Spillone*, 879 F.2d at 519)); *United States v. Baker*, 82 F.3d 273, 276 (8th Cir. 1996) ("[T]here is no fixed period within which the prior acts must have occurred."); *United States v. Zakaria*, 972 F.2d 344 (Table) (4th Cir. 1992) (per curiam) ("[T]here is no rule that states how many years will render a prior conviction stale for purposes of Rule 404(b) admissibility."); *Larson*, 112 F.3d at 605 ("Neither Rule 403 nor any analogous Rule provides any bright-line rule as to how old is too old."); *United States v. Fields*, 871 F.2d 188, 198 (1st Cir. 1989) ("[T]here is no absolute rule governing the number of years that can separate offenses."); *United States v. Ismail*, 756 F.2d 1253, 1260 (6th Cir. 1985) ("There is no absolute maximum number of years that may separate a prior act and the offense charged."); *United States v. Arnold*, 773 F.2d 823, 833 (7th Cir. 1985) ("[T]he length of time elapsed since the commission of the prior act is not *per se* determinative of its admissibility under Rule 404(b)."); *San Martin*, 505 F.2d at 922 ("The test for remoteness need not, and indeed cannot, be a simple rule of thumb based solely on the number of years that have elapsed between the prior crime and the present offense charged.")."

evidence that Defendant had been convicted of a firearms offense three years earlier); *But see United States v. Williams*, 2023 WL 5973993 at *5 (D.D.C. Sept. 14, 2023) (finding prior conviction from 2003 had limited probative value).

## II.    <u>Evidence of the Defendant's Prior Possession of the Firearm Recovered from the Vehicle</u>

During the trial, the Government will introduce the firearm recovered in this case and evidence of the Defendant's access to and possession of that firearm in the form of photographs recovered from the Defendant's phone that depict that very same firearm, as demonstrated by the serial number. The United States may properly offer the photographs of the firearm on two independent bases. First, the evidence is intrinsic to the offenses with which Defendant is charged. Alternatively, in the unlikely event that the Court finds that the evidence is not intrinsic to the offenses charged, the evidence is properly admissible under Federal Rule of Evidence 404(b).

### A.    <u>Intrinsic Evidence</u>

The distinction between "intrinsic" evidence and Rule 404(b) evidence is an important one, as "evidence that is 'intrinsic' to the crimes charged is not subject to the limitations of Rule 404(b) because, by its very nature, it does not involve 'other crimes, wrongs, or acts,' and thus there is no concern that it might be used as improper character evidence." *United States v. Khanu*, 664 F.Supp.2d 80, 82 (D.D.C. 2009) (quoting United States v. Bowie, 232 F.3d 923, 927 (D.C. Cir. 2000)). To that end, if evidence is intrinsic to the offense, no Rule 404(b) analysis is required. *United States v. McGill*, 815 F.3d 846, 879 (D.C. Cir. 2016) ("Acts 'extrinsic' to the crime charged are subject to Rule 404(b)'s limitations; acts 'intrinsic' to the crime are not."). "In this Circuit, evidence is considered 'intrinsic' when it is either 'part of the charged offense' or an uncharged act 'performed contemporaneously with the charged crime . . . [that] facilitate[s] the commission of the charged crime." *United States v. Wilkins*, 538 F.Supp.3d 49, 70 (D.D.C. 2021) (quoting

*Bowie,* 232 F.3d at 929; see also *United States v. Bell*, 795 F.3d 88, 100 (D.C. Cir. 2015) (intrinsic evidence is that which facilitates the subsequent commission of the charged offense).

In determining whether Rule 404(b) applies, the distinguishing factors between 404(b) evidence and intrinsic evidence are time and place.[5] See *United States v. Sitzmann,* 856 F.Supp. 2d 55, 59 (D.D.C. 2012) ("[s]ome bad acts can be so close in time and place as to be a part of the charged crime… since intrinsic evidence is evidence of an act that is part of the charged offense or of contemporaneous acts that facilitate commission of the charged offense, the fact that such conduct may have led to a prior conviction is wholly irrelevant"). Thus, if the uncharged offense arose out of the same transaction or series of transactions of the charged offense, it is considered intrinsic evidence. See *United States v. Morrow,* No. 04-355 (CKK), 2005 WL 3159572 at *15 (D.D.C. Apr. 7, 2005) (citing *United States v. Badru*, 97 F.3d 1471, 1474 (D.C. Cir. 1996)).

In *Bowie*, for example, the D.C. Circuit held that "evidence that the defendant had been caught with counterfeit currency one month prior to his arrest for possession of counterfeit bills with the exact same serial numbers was not intrinsic to the later crime of possession." *Lerma-Plata*, 919 F.Supp. 2d at 158 (citing Bowie, 232 F.3d at 929). The *Bowie* court concluded that although all of the bills "were doubtless from the same batch, and the evidence indicated that Bowie purchased them at one time[,] . . . the indictment charged him only with possession of the counterfeit bills found on [the later date]." *Bowie*, 232 F.3d at 929. Thus, the evidence of his possession of counterfeit money one month prior to his arrest was subject to a Rule 404(b) analysis.

But, in *United States v. Alexander*, however, the D.C. Circuit held that evidence that the defendant had a gun in his possession just minutes prior to his arrest for unlawful possession of a firearm, was considered intrinsic evidence, and not 404(b) "other acts" evidence. 331 F.3d 116,

---

[5] Regardless of whether evidence is admitted as intrinsic to the charged crimes, or under Rule 404(b), the evidence must also be subject to Rule 403. See *United States v. Lerma-Plata*, 919 F.Supp.2d 152, 157 (D.D.C. 2013).

125-26 (D.C. Cir. 2003); see also *United States v. Roberson*, 581 F.Supp.3d 65, 73 (D.D.C. 2022) (holding that messages that were sent leading up to and immediately surrounding a defendant's transmission of pornographic video met D.C.'s restrictive definition of intrinsic evidence as an act that facilitated the commission of a crime because the communications were made close in time to—within a few minutes of—the transmission of the video that precipitated the charge).

In *United States v. Haas*, the Third Circuit, having adopted the *Bowie* formulation of intrinsic evidence, held that the defendant's possession of a firearm during a robbery two days prior to the possession of a firearm for which he was charged was not intrinsic evidence. 184 Fed. App'x 230, 233 (3d Cir. 2006). In contrast, *United States v. Elliot*, a defendant's involvement in a shooting that occurred minutes before his car was pulled over was intrinsic evidence of the charged possession of a firearm. 235 F. App'x 879, 880-81 (3d Cir. 2007). The court reasoned that the defendant's use of the firearm in the shooting showed that the defendant, rather than other individuals in the car, possessed the firearm. *Id.* Applying these two cases, the court in *United States v. Harris*, held that a robbery that occurred 24 hours prior to the defendant being found with ammunition consistent with the ammunition used in the robbery was not intrinsic evidence. No.11-196, 2012 WL 3962651, at *9 (W.D. Penn Sept 11, 2012). The court reasoned that "the time period of 24 hours between the robbery and the search precludes any finding of "contemporaneous" action in this case…Although 24 hours between the robbery and the search is a much shorter period of time than in Haas, it is too long a time period to directly prove that he possessed the ammunition." *Id*. at *8.

A defendant's ready access to firearms during the time of charged offenses can also be intrinsic evidence. In *United States v. Wilkins*, 538 F. Supp.3d 49, 74 (D.D.C. 2021), the court held that where a defendant was charged with sex trafficking, his ready access to firearms during the

time of the charged offenses was admissible as intrinsic evidence because the government had to prove that the defendant used force, fraud or coercion to cause the three complainants to engage in commercial sex acts. *See, also*, *United States v. Lewis*, 762 F. App'x 786, 798 (11th Cir.) (per curiam) (affirming district court's admission of undated photograph of defendant holding a firearm, as it "tended to corroborate [complainant's] testimony" that she was coerced into engaging in prostitution due to the defendant's habitual use of firearms); *United States v. Roach*, 896 F.3d 1185, 1196 (10th Cir. 2018) (finding evidence that defendant threatened victim with gun in lap "showed that [he] used violence to coerce [a victim-witness] into prostitution"). As the court explained in *Wilkins*, "Evidence regarding [the defendant's] access to guns, therefore, goes directly to a possible coercive scheme he used to accomplish a key element of the charged offenses." *Id.*

The Government's proffered other crimes evidence, consisting of the photograph on the lock screen of the Defendant's phone, which was on his person at the time of his arrest, and the underlying original image that was contained on his phone, should be admitted as intrinsic evidence, as it showed that at the time of his arrest, the Defendant had in his possession evidence advertising his possession of the same gun charged in this case. Admitting the evidence of the Defendant's own endorsement, at the time of his arrest for the firearm with serial number BXAL751, of his prior and continuing possession of the firearm with serial number BXAL751, including the photograph created on July 5, 2023, and the lock screen image that was present on the Defendant's phone, were in such close proximity to the charged offense, and involve such specific conduct to that particular firearm, that is should be considered part of the charged crime.

### B.  Rule 404(b) Evidence

As discussed *supra,* Rule 404(b) itself 'is quite permissive,' prohibiting the admission of other crimes evidence 'in but one circumstance' – for the purpose of proving that a person's actions

conformed to his character." *United States v. Crowder*, 141 F.3d 1202, 1206 (D.C. Cir. 1998) (en banc) (quoting *United States v. Jenkins*, 928 F.2d 1175, 1180 (D.C. Cir. 1991)). This Circuit has also explicitly recognized the admissibility, under Rule 404(b), of a defendant's prior possession of or access to firearms in violent crimes prosecutions. In *Bell*, 795 F.3d at 99 (D.C. Cir. 2015) this Circuit upheld admission of evidence of a prior uncharged murder where the evidence was probative of the defendant's use of and familiarity with firearms. As the Circuit explained, "Prior use and familiarity with firearms is relevant to satisfying the scienter requirement to multiple charged offenses, including counts of first-degree murder while armed and use of a firearm in relation to a crime of violence." *Id. Cf. United States v. Cassell*, 292 F.3d 788, 794–95 (D.C.Cir. 2002) ("A prior history of intentionally possessing guns ... is certainly relevant to the determination of whether a person ... on the occasion under litigation knew what he was possessing and intended to do so.").

If the Court finds that the other crimes evidence is extrinsic to the charged offenses, the government requests that the Court admit the evidence under Rule 404(b). The other crimes evidence is relevant to the charged offenses because it is probative of issues other than the defendant's character. Here, the other crimes evidence is probative of the Defendant's access to and opportunity possess the very firearm charged in this case.

**C. <u>Rule 403 Balancing Test</u>**

Once the court determines that other crimes evidence can be admitted under Rule 404(b), the court must then engage in the balancing test of Federal Rule of Evidence 403. Evidence determined to be relevant for a material issue other than character is inadmissible only if the prejudicial effect of admitting the evidence "substantially outweighs" its probative value. *Miller*, 895 F.2d at 1435 (D.C. Cir. 1990). Furthermore, as this Circuit has noted, it is not enough that the

evidence is simply prejudicial; the prejudice must be "unfair." See *Cassell*, 292 F.3d at 796

(quoting *Dollar v. Long Mfg, N.C., Inc.,* 561 F.2d 613, 618 (5th Cir. 1977) ("[v]irtually all evidence

is prejudicial or it isn't material. The prejudice must be "unfair.'")); see also *United States v.*

*Pettiford*, 517 F.3d 584, 590 (D.C. Cir. 2008) ("the Rule focuses on the danger of unfair prejudice,

and gives the court discretion to exclude evidence only if that danger substantially outweigh[s] the

evidence's probative value." (internal quotation marks and citations omitted) (emphasis and

brackets in original)). "Rule 403 tilts, as do the rules as a whole, toward the admission of evidence

in close cases, even when other crimes evidence is involved." *Cassell*, 292 F.3d at 795 (quoting

*United States v. Moore*, 732 F.2d 983, 989 (D.C. Cir. 1984)) (internal quotation marks omitted);

see also *United States v. Morrow*, No. 04-355, (CKK), 2005 WL 3159572 *4 (D.D.C. April 7,

2005) ("[i]n close cases, the rule tilts toward the admission of the uncharged conduct evidence.").

 Here, the highly probative value of the evidence set forth above is not substantially

outweighed by potential prejudice to the Defendant. Any potential prejudice is not unique to this

case, but is endemic to all 404(b) evidence: such evidence "almost unavoidably raises the danger

that the jury will improperly 'conclude that because [the defendant] committed some other crime,

he must have committed the one charged in the indictment.'" *United States v. Douglas*, 482 F.3d

591, 601 (D.C. Cir. 2007) (quoting Crowder II, 141 F.3d at 1210).

 Prejudice in this attenuated sense cannot justify a *per se* rule of exclusion. *See id*. The

defense must show "compelling or unique" evidence of prejudice, *United States v. Mitchell,* 49

F.3d 769, 777 (D.C. Cir. 1995), distinct from the probative value of the evidence and distinct from

the intrinsic prejudicial potential of any 404(b) evidence. This Circuit has consistently minimized

the residual risk of prejudice not by exclusion, but by issuing limiting instructions to the jury. *See,*

*e.g., Douglas*, 482 F.3d at 601 (emphasizing the significance of the district court's instructions to

jury on the permissible and impermissible uses of the evidence); *Pettiford*, 517 F.3d at 590 (same);

Crowder II, 141 F.3d at 1210 (stating that mitigating instructions to jury enter into the Rule 403

The other crimes evidence described above should not be excluded due to the possibility

of unfair prejudice or other considerations under Rule 403. As in *Straker*,

> [t]he danger of unfair prejudice is fairly low because, . . . the other crimes evidence "adds no emotional or other pejorative emphasis not already introduced by the evidence" of the charged offense. *See United States v. Lawson*, 410 F.3d 735, 742 (D.C. Cir. 2005); see also *United States v. Cheng*, No. 97-1016, 1997 WL 738588, at *1 (2d Cir. Nov. 21, 1997) (holding that the Rule 403 balancing favored admissibility where "the uncharged kidnapping was not more sensational or inflammatory than the charged crimes while tending to show how the relationships formed among the conspirators"). Furthermore, a limiting instruction will ordinarily suffice to protect the defendants' interests. *United States v. Long*, 328 F.3d 655, 662 (D.C. Cir. 2003).

567 F.Supp.2d at 179; see also *Bell*, 795 F.3d at 99-100 (upholding admission of other crimes

evidence under Rule 404(b) where the contested evidence "'did not involve conduct any more

sensational or disturbing than the other conduct attributed to the [defendant]'" (internal alterations

omitted) (quoting *United States v. Roldan–Zapata,* 916 F.2d 795, 804 (2d Cir.1990))).

Here, the other crimes evidence, the Defendant's prior and continuing access to the same

firearm recovered from the vehicle, are important intrinsic evidence that shows the Defendant's

means to commit the offense. This other crimes evidence, consisting of a photograph and an image,

is not an act of violence, nor is it sensational or graphic. Because there is no compelling or unique

prejudice, the other crimes evidence described above is admissible as intrinsic evidence and

pursuant to Rule 404(b) and Rule 403.

### III.    The Government Should Be Permitted to Impeach the Defendant With His Prior Felony Convictions Should He Testify at Trial

Fed. R. Evid. 609 allows "for the admission of a Defendant's prior convictions for purposes

of impeachment, as long as the 'crime . . . was punishable by death or by imprisonment for more

than one year' (that is, it was a felony), and 'the probative value of the evidence outweighs its

prejudicial effect." *Ford*, 2016 WL 259640, at *7 (quoting *Moore*, 75 F. Supp. 3d at 453; Fed. R.

Evid. 609(a)(1)).

The Government will seek to impeach the Defendant with the following prior convictions

if he chooses to testify:

1. May 5, 2022: Failure to Register as a Sex Offender, Docket No. 2021 CMD 005570, District of Columbia Superior Court;

2. September 13, 2017: Unlawful Possession of a Firearm, Docket No. 2016 CF2 021171, District of Columbia Superior Court;

3. July 20, 2018: Bail Reform Act, Docket No. 2016 CF2 021159, District of Columbia Superior Court;

4. March 1, 2017: Unauthorized Use of a Vehicle, Docket No. 2015 CF3 011179; District of Columbia Superior Court.

First of all, if the Defendant's prior handgun possession conviction ends up coming into

evidence under Rule 404(b), "the Court has already concluded that the jury should hear about [a]

prior conviction[] under Rule 404(b), it does not need to consider [its] prejudicial effect for Rule

609 impeachment purposes," when the Court has already conducted a prejudice analysis in the

Rule 404 context. *Ford*, 2016 WL 25964099, at *7 (citations omitted); *accord Thorne*, 2020 WL

122985 at *25; *Moore*, 75 F. Supp. 3d at 456 (collecting federal circuit court cases declining to

find prejudice based on the Government's additional use of a prior conviction for Rule 609

purposes where the trial court had already permitted the prior conviction for use in the

Government's case-in-chief under Rule 404(b)); *United States v. Chauncey*, 420 F.3d 864, 874

(8th Cir. 2005) ("Here, the prior conviction already was admitted under Rule 404(b), and the

danger of unfair prejudice by repetition of the evidence was negligible."); *United States v. Lattner*,

385 F.3d 947, 961 (6th Cir. 2004) ("[T]he prejudicial effect of the evidence was minimal, as the

prosecution had already properly introduced, under [Rule] 404(b), evidence of [Defendant's] prior

involvement in drug transactions.").

Even if the Defendant's handgun possession conviction does not come in as 404(b) evidence, the government would still seek to impeach the Defendant, should he testify, with all of his felony convictions. All these convictions fall within the 10-year period of the Defendant's arrest in this case, and the probative value of these convictions outweighs any prejudicial effect from their admission should the Defendant choose to testify at trial. As the D.C. Circuit has recognized, "all felonies have some probative value on the issue of credibility." *United States v. Lipscomb*, 702 F.2d 1049, 1062 (D.C. Cir. 1983) (*en banc*). Indeed, even where "prior crimes do not involve explicit dishonest acts or false statements," such felonies "still say something about [the Defendant's] ability to be truthful while under oath." *Moore*, 75 F. Supp. 3d at 455.

Inasmuch as every impeachment by prior conviction involves some inherent prejudice to a Defendant, that prejudice by itself should not be enough to preclude the government's impeachment of the Defendant in this case. *Cf. Lipscomb*, 702 F.2d at 1062 ("[w]hen the Defendant is impeached by a prior conviction, the question of prejudice . . . is not if, but how much") (emphasis in original). Should the Defendant testify in this case, the issue of his credibility will be a central issue for the jury. The probative value of the conviction in assessing that credibility, clearly outweighs whatever prejudice there may be to the Defendant -- particularly given the limiting instruction that can be given to the jury in order to preclude its use of such evidence for an improper purpose.

As discussed above, the Defendant's prior conviction for possession of a handgun is particularly probative. Indeed, the D.C. Circuit's logic in *United States v. Lewis*, which permitted the admission of a prior drug distribution conviction under Rule 609(a) against a Defendant charged with distribution of narcotics impeachment is a particularly applicable. There, the D.C. Circuit held that the prior narcotics conviction carried more prejudice but was also more probative

value and more necessary when the Defendant testified as to lack of knowledge of the narcotics and his testimony contradicted that of his accuser. *Lewis*, 626 F.2d 940 (D.C. 1980). The same logic applies in this case for possession of a firearm and the Defendant's potential testimony that he also lacked knowledge of the firearm.

Accordingly, the jury should be provided the opportunity to learn of the Defendant's prior convictions when evaluating his credibility should he choose to testify at trial.

Dated:        January 28, 2026

                                              Respectfully submitted,

                                              JEANINE FERRIS PIRRO
                                              United States Attorney

                              By:        */s/ Travis Wolf*

                                              Travis Wolf
                                              Assistant United States Attorney
                                              N.Y. Bar No. 5483243
                                              601 D Street NW
                                              Washington, D.C. 20530
                                              (202) 803-1670
                                              Travis.Wolf@usdoj.gov