UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case Nos.   25-cr-218 (CRC) |
| v. : | 25-cr-301 (CRC) |
| : | |
| PRES BRADDY : | |
| : | |
| : | |
| Defendant. : | |
| : | |

**GOVERNMENT'S MOTION TO CONTINUE TRIAL IN 25-CR-301 AND TO ADVANCE TRIAL IN 25-CR-218**

The United States of America, by and through its undersigned counsel, respectfully submits this Motion to Continue the trial scheduled in 25-cr-301 (CRC) on February 24, 2026, and to advance the trial scheduled in 25-cr-218 (CRC) on March 2, 2026, to February 24, 2026. In support of this motion, the Government avers the following:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

1. The Defendant is accused of possessing a firearm on August 30, 2025, in 25-cr-301. The Defendant is also accused of possessing a firearm on August 27, 2023, in 25-cr-218. The Defendant is detained in both matters.

2. On August 1, 2025, the grand jury returned an indictment in 25-cr-218, charging the Defendant with one count of Unlawful Possession of a Firearm by a Person Previously Convicted of a Crime Punishable by More than One Year Incarceration, in violation of 18 U.S.C. § 922(g).

3. On September 24, 2025, the grand jury returned an indictment in 25-cr-301, charging the Defendant with one count of Unlawful Possession of a Firearm by a Person Previously

1

   Convicted of a Crime Punishable by More than One Year Incarceration, in violation of 18 U.S.C. § 922(g).

4. On October 9, 2025, the parties appeared for a status hearing, and the matter was scheduled for November 6, 2025. In the interim, the parties indicated they would discuss possible plea dispositions.

5. On October 28, 2025, the Government sought and obtained a warrant for a buccal swab (SW No. 25-sw-323). The warrant was executed on October 29, 2025. The DNA samples were sent to the FBI Laboratory on approximately November 6, 2025. The testing was requested for expedited processing, to be completed within 45 days. The undersigned counsel was informed at that time that the expected completion date would be in mid-December.

6. On November 18, 2025, the parties appeared for a status conference before this Court. At this hearing, the Government represented that DNA testing was underway, with an anticipated completion date in mid-December. The matter was scheduled for a status conference on January 13, 2026.

7. Not having received DNA testing results, undersigned counsel contacted a liaison to the FBI Laboratory on January 5, 2026, for the status of the DNA testing, and was informed the testing had not been completed yet.

8. The undersigned counsel followed up again with the liaison on January 12, 2026. At that time, undersigned counsel was informed that the testing would be completed by the end of January.

9. On January 13, 2026, the parties appeared for a status conference. On that date, the Defendant informed the Court that he was no longer agreeing to toll the Speedy Trial clock

pending DNA testing. The Court therefore scheduled a trial date in this matter for February 24, 2026, followed by a trial date in 25-cr-218 of March 2, 2026.

10. The undersigned counsel followed up with the liaison on January 29, 2026, and February 2, 2026.

11. On February 3, 2026, the undersigned counsel was informed that an FBI examiner was in the process of completing the report, but no report was received. Undersigned counsel followed up on the status of the report on February 5, 2026. As of the submission of this filing, no examination report has been received.

12. On February 4, 2026, the Government conveyed a global plea offer in which the Defendant would plead to one count of Unlawful Possession of a Firearm by a Person Previously Convicted of a Crime Punishable by More than One Year Incarceration, in violation of 18 U.S.C. § 922(g) in 25-cr-218, and in exchange, the Government would dismiss 25-cr-301. On February 5, 2026, counsel for the Defendant informed undersigned counsel that the Defendant was rejecting the plea offer.

13. The Government is prepared to try the oldest case, in 25-cr-218, on February 24, 2026.

14. The Government consulted counsel for the Defendant on his position regarding the instant motion. Defendant is opposed to the motion.

II. **LEGAL STANDARD**

"A trial judge enjoys great discretion in ruling on a motion for a continuance." *United States v. Poston*, 902 F.2d 90, 96 (D.C. Cir. 1990) (citing *Morris v. Slappy*, 461 U.S. 1, 11 (1983); *United States v. Haldeman*, 559 F.2d 31, 83–84 (D.C. Cir. 1976) (en banc) (per curiam), *cert. denied*, 431 U.S. 933 (1977)). However, this discretion is not boundless, as the judge must balance the justifications offered by the party seeking a continuance with the judicial system's interest in expeditious proceedings. *Id.* Whether a delay is reasonable depends on all the surrounding facts

and circumstances. *See United States v. Burton*, 584 F.2d 485, 490 (D.C. Cir. 1978). Some of the factors to be weighed in considering a motion for continuance are:

> the length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or inconvenience to the litigants, witnesses, counsel, and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; whether the defendant has other competent counsel prepared to try the case, including the consideration of whether the other counsel was retained as lead or associate counsel; whether denying the continuance will result in identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; [and] the complexity of the case.

*Id.* at 490-91.

Additionally, the Speedy Trial Act provides that Court may grant a continuance at the request of the attorney for the Government…if the basis of his findings that the ends of justice are served by taking such action outweigh the best interest of the public and defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Among the factors that the Court must consider, are

> whether the failure to grant such a continuance…would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(B)(iv).

### III. <u>ARGUMENT</u>

**a. Advancing the trial in 25-cr-218 to February 24, 2026, and continuing the trial in 25-cr-301 would serve the best interest of the public in expediently resolving the defendant's criminal cases and would minimize the prejudice to the defendant in delaying the trial in 25-cr-301.**

The government is ready and able to proceed to trial in 25-cr-218 on February 24, 2026. To address the pertinent factors in *Burton*, the defense's trial preparation would be minimally

4

impacted at this stage, as this trial is currently scheduled for March 2, 2026. *See* 584 F.2d at 490-91. There is a wholly legitimate reason to continue the trial in 25-cr-301, as the DNA results are potentially critical to the jury's determination of whether the defendant illegally possessed a firearm on August 30, 2025. *Id*. The defendant is minimally prejudiced by a continuance in 25-cr-301, as he is also detained in 25-cr-218. *Id.* In other words, his bond status is unlikely to change regardless of what happens in 25-cr-301. The government is unaware of any issue related to unavailability of counsel should 25-cr-218 be continued. Finally, this is the first continuance of trial requested in this case. *Id.* Accordingly, these factors favor granting a continuance in 25-cr-301.

Regarding the posture of 25-cr-301, the government has exercised due diligence to obtain the results of DNA testing before trial. However, at this stage, it appears the results will not be returned until the eve of trial, or perhaps later. Until the test results for the DNA are returned, it is impossible to know whether the swabs are exculpatory, inculpatory, or inconclusive. *See United States v. Kingsbury*, 317 F.Supp.3d 476, 478 (D.D.C. 2018); *United States v. Harris*. If they are inculpatory or even inconclusive, the government may seek to call an expert witness to testify as to the results. The defense will presumably need time to review those results for avenues of cross-examination and potentially consult its own experts, a task which, given the scientific nature of any such evidence, requires reasonable time and preparation. By contrast, if the results are exculpatory, the defense may seek to call the DNA examiner to testify as to the results as part of its own case-in-chief, a task that will also require a reasonable period of preparation. Consequently, holding the trial at its current date may have the potential adverse effect of denying the defendant an avenue reasonable time necessary for effective preparation. *See id.*

Therefore, the government submits that the ends of justice outweigh the best interest of the

public and the defendant in a speedy trial. Accordingly, the government proposes that the Court continue the trial date in 25-cr-301 to a new date mutually amenable to the parties and the Court, and advance the trial date in 25-cr-218 to February 24, 2026.

        Respectfully submitted,

        JEANINE FERRIS PIRRO
        United States Attorney

By:   */s/ Travis Wolf*

       Travis Wolf
       Assistant United States Attorney
       N.Y. Bar No. 5483243
       601 D Street NW
       Washington, D.C. 20530
       (202) 803-1670
       Travis.Wolf@usdoj.gov