**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **CASE NO. 25-CR-218 (CRC)** |
| **v.** | : | |
| | : | |
| **PRES BRADDY, JR.** | : | |
| | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## VOIR DIRE QUESTIONS

1. The lawyers representing the United States during this trial will be Assistant United States Attorneys David Liss and Alexander Cook. Assisting them at trial will be paralegal specialist Jenna Lee [STAND]

   Do any of you believe that you know, or have any connection to or association with, any of these people?

2. The lawyer representing Press Braddy during this trial will be Peter Cooper. [STAND]

   Do any of you believe that you know, or have any connection to or association with, Mr. Braddy or Mr. Cooper?

3. A few minutes ago, I described what the case is about. Do any of you believe you may know anything about the facts and circumstances of this case, other than what I have told you?

4. The Government will call a number of witnesses to testify during the trial. The defendant may call some witnesses, but he is not under any obligation to call any witnesses or introduce evidence at all. The people who may testify in this case for one side or the other or whose names you might hear include:

   - Sergeant Jose Hernandez, MPD
   - Officer Michael Ariemma, MPD
   - Officer Tyler Toth, MPD
   - Officer Ahmed Al-Shrawi, MPD
   - Officer Joshua Rogers, MPD
   - Officer Ryan Larrahando, MPD
   - Sergeant Thomas Cox, MPD
   - Officer Geoffrey Napper, MPD
   - Takarah Barnes, DFS

- Officer Jean-Paul Paskalis, MPD
- Officer Eric Hampton, MPD
- Officer Dereck Phillip, MPD
- Officer Noah Duckett, MPD
- Officer Eric Roche, MPD
- Elizabeth Talley, FBI
- Curtis Gaul, FBI
- Eugenia Potacq, FBI
- Margaret Curran, FBI
- Stacy Campbell, FBI
- Lily Wong, FBI
- Patricia Kramer, FBI
- Special Agent Jeffrey Khoury, ATF
- Special Agent Matthew Brown, ATF

Do any of you recognize or think that you may know any of these witnesses?

5. Please take a look around the room. Do any of you recognize or think that you might know any other member of the jury panel -- or any other person in the courtroom, including me, and the members of the courtroom staff? That could include knowing them from work, from school or your kids' schools, from the neighborhood, knowing them socially, from prior jury service, or anything else.

6. Have you, or any members of your immediate family, ever studied law or had any legal training, including paralegal training?

7. Have you, or any of your close friends or members of your household or family, ever worked for or with a prosecutor's office? By that, I mean government agencies such as the United States Attorney's Office, the D.C. Attorney General's Office, the Department of Justice, or any Attorney General's Office, district attorney's office, or state or commonwealth's attorney's office. Please also answer this question yes if you or a close friend or member of your household or family have a pending application for employment with a prosecutor's office.

8. Have you, or any of your close friends or members of your household or family, ever worked for or with a law enforcement agency? That would include police and government agencies such as the Metropolitan Police Department; the Federal Bureau of Investigation or FBI; the U.S. Marshal's Service; the Bureau of Alcohol, Tobacco, Firearms, and Explosives, or ATF; the Drug Enforcement Administration, or DEA; the U.S. Park Police; the U.S. Secret Service; the Internal Revenue Service; the CIA; Immigration and Customs Enforcement Agency (ICE); the Department of Homeland Security; the Department of Corrections in DC or elsewhere; any state or local police and fire departments, or any military police or criminal investigative service. Please also answer yes to this question if you, a close friend, or a

member of your family or household has a pending application to work at one of those places now.

9. Have you, or any of your close friends or members of your household or family, ever done any work for or with any person or organization that does criminal defense work, such as the Federal Defender's Office, the Public Defender's office, defense attorneys, or a private law firm? This question also includes work as a private investigator, and as with the questions before, you should answer it yes if there is an application pending to work at one of those places.

10. Have you, or any of your close friends or members of your household or family, ever worked at a courthouse or for a court system, including: D.C. Superior Court, or this court, the U.S. District Court, and that would include working at – or, as before, having an application pending right now – at the Pretrial Services Agency, the Court Services and Offender Supervision Agency (CSOSA), the U.S. Probation Office, or as a probation or parole officer anywhere?

11. There will be testimony from law enforcement personnel in this case. Would the fact that a witness is a police officer or law enforcement agent have any effect on whether or not you believe that person's testimony? In other words, would just the fact that a witness is a police officer or law enforcement agent make you either more or less likely to believe their testimony before you hear it?

12. Have any of you ever personally participated in, or made a financial contribution to, any anti-crime or victims' rights organizations, such as neighborhood watch, or have you participated in or donated to any organization or program that advances the interests of law enforcement officers or their families?

13. Have any of you participated in protests, marches, candlelight vigils, or other activities in response to law enforcement activity, or have you ever worked for or contributed to any group that advocates defunding or de-militarizing the police?

14. Have you had any personal experiences — either positive or negative — with the police or a prosecutor or other law enforcement personnel, or with a defense attorney or defense investigator, whether here in D.C. or elsewhere?

15. Have you served as a juror within the past ten years, either on a grand jury or a petit jury, on the federal, state, or local level?

16. Within the past ten years, have you or any close friend or family member been the victim of, or witness to, a crime? This includes crimes that were not reported to law enforcement at the time, but when I say a crime, I mean something other than parking or speeding tickets.

17. Have you or any close friend or family member ever been accused of, arrested for, or charged with a crime? Again, I am not talking about parking or speeding tickets.

18. As I mentioned at the start, this case is about an alleged possession of a firearm. Is there anything about the nature of that charge alone that would make it difficult for you to be a fair and impartial juror in this case?

19. I'm going to ask a few questions that relate to your feelings and beliefs about firearms:

    a. Do you have strong feelings about guns or concerning gun control laws, either favoring or opposing such legislation, that would make it difficult for you to render a fair and impartial verdict if you are chosen as a juror?

    b. Do you have strong feelings concerning another person's alleged possession of a gun or guns that would affect your ability to render a fair and impartial verdict if you are chosen as a juror?

    c. Are you a member of, or otherwise support, groups that advocate for gun rights, such as the National Rifle Association, or a group that advocates for restrictions on firearms, such as the Brady Campaign?

    d. Have you, or a close friend or family member, ever been affected in any way by the use of a gun?

    e. The Defendant is charged with the unlawful possession of a firearm or ammunition after having previously been convicted of a crime that was punishable by a term of imprisonment that was greater than one year. Do you have strong feelings about that particular charge, which includes the allegation that the defendant involved had previously been convicted of such an offense, that would make it difficult for you to render a fair and impartial verdict if you were chosen as a juror?

20. If selected as a juror in this case, you will be instructed to avoid all media coverage including television, radio, podcasts and social media and that you are not to access the internet concerning any matters related to this case. Does any member of the panel have concerns about following the instruction to avoid any media coverage.

21. In every trial, the defendant is presumed to be innocent throughout the trial, and the defendant cannot be found guilty of an offense unless and until the government has proven each element of that offense beyond a reasonable doubt. Would any of you find it difficult for any reason to obey that instruction?

22. Every criminal defendant has an absolute right to decide whether or not to testify on their

own behalf. This decision cannot be used against them. And, because each defendant is presumed to be innocent, and the burden of proof never shifts throughout the trial, a defendant does not need to introduce any evidence at all. You will be instructed that if the defendant does not testify or call witnesses, you cannot draw any conclusions from that fact, you can't hold it against him, and you can't guess about why he did or he didn't. Would any of you find it difficult for any reason to obey that instruction?

23. At the end of the trial, I will be instructing you about the law that applies to this case. Is there any way you would find it difficult to disregard any ideas, notions, or beliefs about the law you may hold, and render a fair and impartial verdict based solely on the evidence presented and my instructions of law?

24. Do any of you have any moral, religious, political, ethical or any other beliefs that prevent you from sitting in judgment of another person in a criminal trial?

25. Once the trial begins, we generally sit in the courtroom from about 9:30 in the morning until about 4:30 or 5:00 in the afternoon. There will be an hour-long break for lunch and breaks in the middle of the morning and the afternoon. Are any of you taking any medications, or do any of you have a physical or medical condition, that could make it difficult for you to sit as juror and give your full attention to the trial and the evidence in this case on that sort of schedule? Please also answer yes if you have difficulty seeing or hearing that would make it difficult for you to follow or receive the evidence presented in the case.

26. Do any of you have difficulty speaking, understanding, reading, or writing the English language?

27. After we pick the jury, we expect to start with opening statements and the presentation of evidence. The trial is expected to take approximately two days and then the jury will take the time it needs to complete its deliberations. Are there any matters that you simply must attend to during that time, such that you could be faced with a hardship if selected for the jury in this case?

28. Do any of you know of any reason – even one I haven't asked about today -- why you could not sit as a juror in this case and judge the evidence presented fairly and impartially and apply the law as I instruct?