**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**PRES BRADDY, JR.,**<br><br>Defendant. | Case No. 25-cr-218 (CRC) |

**FINAL JURY INSTRUCTIONS**

Ladies and gentlemen, you have now heard all of the evidence in the case. Before you begin your deliberations, I am going to instruct you on the law. I will start with some general rules of law and then talk about the specific charges alleged here and some of the specific issues in this case. Some of these rules will repeat what I told you in my preliminary instructions.

**Instruction No. 1: Furnishing Jury with Copy of Instructions**

I will provide each of you with a copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, feel free to send me a note. Please leave your instructions in the jury room when you conclude your deliberations.

**Instruction No. 2: Function of the Court**

As I said, my function is to conduct this trial in an orderly, fair, and efficient manner; to rule on questions of law; and to instruct you on the law that applies in this case. It is your duty to accept the law as I instruct you. You should consider all the instructions as a whole. You may not ignore or refuse to follow any of them.

**Instruction No. 3: Function of the Jury**

Your function, as the jury, is to determine what the facts are in this case. You are the sole judges of the facts. While it is my responsibility to decide what is admitted as evidence during the trial, you alone decide what weight, if any, to give to that evidence. You alone decide the credibility or believability of the witnesses.

You should not be improperly influenced by anyone's personal characteristics, such as race, national or ethnic origin, religion, age, disability, sex, gender identity or expression, sexual orientation, education, or income level, or any other personal characteristic. You should determine the facts solely from a fair consideration of the evidence.

Nor should you take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it. The verdict in this case is your sole and exclusive responsibility.

**Instruction No. 4: Jury's Recollection Controls**

If any reference by me or the attorneys to the evidence is different from your own memory of the evidence, it is your memory that should control during your deliberations.

**Instruction No. 5: Notetaking by Jurors**

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. Those jurors who have not taken notes should rely on their own memory of the evidence. The notes are intended to be for the notetaker's own personal use.

**Instruction No. 6: Evidence in the Case**

During your deliberations, you may consider only the evidence properly admitted in this trial. The evidence in this case consists of the sworn testimony of the witnesses, the exhibits that were admitted into evidence, and the facts and testimony stipulated to by the parties.

During the trial, you were told that the parties had stipulated—that is, agreed—to certain facts. You should consider any stipulation of fact to be undisputed evidence.

When you consider the evidence, you are permitted to draw, from the facts that you find have been proven, any reasonable inferences that you feel are justified in light of your experience. You should give any evidence the weight that you think it is fairly entitled to receive.

**Instruction No. 7: Statements of Counsel**

The statements and arguments of the lawyers are not evidence. They are only intended to assist you in understanding the evidence. Likewise, the questions of the lawyers are not evidence.

**Instruction No. 8: Indictment Not Evidence**

As I've explained, the Defendant was charged in this case via an indictment. An indictment is merely the formal way of accusing a person of a crime. You must not consider the indictment as evidence of any kind—you may not consider it as any evidence of Mr. Braddy's guilt or draw any inference of guilt from it.

**Instruction No. 9: Burden of Proof**

Every defendant in a criminal case is presumed to be innocent. This presumption of innocence remains with the defendant throughout the trial unless and until the government has proven he is guilty beyond a reasonable doubt. This burden never shifts throughout the trial. The law does not require Mr. Braddy to prove his innocence or to produce any evidence at all. If

you find that the government has proven beyond a reasonable doubt every element of the offenses with which he is charged, it is your duty to find him guilty. On the other hand, if you find the government has failed to prove any element of the offenses beyond a reasonable doubt, you must find Mr. Braddy not guilty.

**Instruction No. 10: Reasonable Doubt**

The government has the burden of proving Mr. Braddy guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where it is only necessary to prove that a fact is more likely true than not, or, in some cases, that its truth is highly probable. In criminal cases such as this one, the government's proof must be more powerful than that. It must be beyond a reasonable doubt. Reasonable doubt, as the name implies, is a doubt based on reason—a doubt for which you have a reason based upon the evidence or lack of evidence in the case. If, after careful, honest, and impartial consideration of all the evidence, you cannot say that you are firmly convinced of the defendant's guilt, then you have a reasonable doubt.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If, on the other hand, you think there is a real possibility that a defendant is not guilty, you must give him the benefit of the doubt and find him not guilty.

**Instruction No. 11: Direct and Circumstantial Evidence**

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness,

asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts and circumstances from which reasonable inferences may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. But now assume that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground the following morning. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether direct or circumstantial. You are permitted to give equal weight to both. Circumstantial evidence does not require a greater degree of certainty than direct evidence. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

**Instruction No. 12: Nature of Charges Not to Be Considered**

One of the questions you were asked when we were selecting this jury was whether the nature of the charges themselves would affect your ability to reach a fair and impartial verdict. We asked you that question because you must not allow the nature of a charge to affect your verdict. You must consider only the evidence that has been presented in this case in reaching a fair and impartial verdict.

**Instruction No. 13: Number of Witnesses**

The weight of the evidence is not necessarily determined by the number of witnesses testifying for each side. Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses you believe. You may find that the testimony of a smaller number of witnesses on one side is more believable than the testimony of a greater number of witnesses on the other side, or you might find the opposite.

**Instruction No. 14: Inadmissible and Stricken Evidence**

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party he represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer and they should play no part in your deliberations. Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

**Instruction No. 15: Credibility of Witnesses**

In determining whether the government has proved the charges against the defendant beyond a reasonable doubt, you must consider the testimony of all the witnesses who have testified.

You are the sole judges of the credibility of the witnesses. You alone determine whether to believe any witness and the extent to which a witness should be believed. Judging a witness's

credibility means evaluating whether the witness has testified truthfully and also whether the witness accurately observed, recalled, and described the matters about which the witness testified.

As I instructed you at the beginning of trial and again just now, you should evaluate the credibility of witnesses free from prejudices and biases.

You may consider anything else that in your judgment affects the credibility of any witness. For example, you may consider the demeanor and the behavior of the witness on the witness stand; the witness's manner of testifying; whether the witness impresses you as having an accurate memory; whether the witness has any reason for not telling the truth; whether the witness had a meaningful opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case, stands to gain anything by testifying, or has friendship or hostility toward other people concerned with this case.

In evaluating the accuracy of a witness's memory, you may consider the circumstances surrounding the event, including the time that elapsed between the event and any later recollections of the event, and the circumstances under which the witness was asked to recall details of the event.

You may consider whether there are any consistencies or inconsistencies in a witness's testimony or between the witness's testimony and any previous statements made by the witness. You may also consider any consistencies or inconsistencies between the witness's testimony and any other evidence that you credit. You may consider whether any inconsistencies are the result of lapses in memory, mistake, misunderstanding, intentional falsehood, or differences in perception.

You may consider the reasonableness or unreasonableness, the probability or improbability, of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or supported by other evidence that you credit.

If you believe that any witness has shown him or herself to be biased or prejudiced, for or against either side in this trial, or motivated by self-interest, you may consider and determine whether such bias or prejudice has colored the testimony of the witness so as to affect the desire and capability of that witness to tell the truth.

You should give the testimony of each witness such weight as in your judgment it is fairly entitled to receive.

**Instruction No. 16: Police Officer's Testimony**

A police officer's testimony should be evaluated by you just as any other evidence in the case. In evaluating the officer's credibility, you should use the same guidelines that you apply to the testimony of any witness. In no event should you give either greater or lesser weight to the testimony of any witness merely because he or she is a police officer.

**Instruction No. 17: Right of Defendant Not to Testify**

Every defendant in a criminal case has an absolute right not to testify. Mr. Braddy has chosen to exercise this right. You must not hold this decision against him, and it would be improper for you to speculate as to the reason or reasons for his decision. You may not draw any inference of guilt from the defendant's decision not to testify.

**Instruction No. 18: Specialized Opinion Testimony**

In this case, you heard the testimony of Elizabeth Talley, who expressed opinions concerning forensic DNA analysis. If scientific, technical, or other specialized knowledge might

assist the jury in understanding the evidence or in determining a fact in issue, a witness who possesses knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters. You are not bound to accept this witness's opinion. If you find that the opinion is not based on sufficient education or experience, that the reasons supporting the opinion are not sound, or that the opinion is outweighed by other evidence, you may completely or partially disregard the opinion. You should consider this evidence with all the other evidence in the case and give it as much weight as you think it fairly deserves.

During the testimony of Ms. Talley in this case, you have heard her refer to information that was not otherwise introduced or admitted into evidence. This information is relevant only to explain what Ms. Talley relied upon in forming her opinions. You may not consider Ms. Talley's testimony to be evidence of the truth of that information. You may consider this information only for the purpose of evaluating the opinions and not for any other purpose.

**Instruction No. 19: Redacted Documents or Tapes**

During the course of this trial, a number of exhibits were admitted in evidence. Sometimes portions of body-worn camera exhibits were played without audio. There are a variety of reasons why only a portion of an exhibit is admitted, including that the other portions are inadmissible or implicate an individual's privacy. As you examine the exhibits, and you see or hear portions where there appear to be omissions, you should consider only the portions that were admitted. You should not guess as to what has been taken out or why, and you should not hold it against either party. You are to decide the facts only from the evidence that is before you.

**Instruction No. 20: Identification**

The burden is on the government to prove beyond a reasonable doubt, not only that the offenses were committed, but also that Mr. Braddy is the person who committed them.

In deciding whether the government has proved beyond a reasonable doubt that Mr. Braddy is the person who committed the offenses, you may consider any evidence relating to the identity of that person. A number of factors may affect the accuracy of an identification of Mr. Braddy by an alleged eyewitness.

- The witness's opportunity to observe the criminal acts and the person committing them, including, but not limited to, the length of the encounter, the distance between the various parties, the lighting conditions at the time, and the witness's state of mind at the time of the offenses;
- Any subsequent identification and the circumstances surrounding that identification, including the length of time that elapsed between the crime and the identification, the witness's state of mind when making the identification, any suggestive circumstances that may have influenced the witness, and any statements or actions by law enforcement officers concerning the identification;
- Any failure of the witness to identify Mr. Braddy as the person who committed the offenses;
- An identification by the witness of another person as the person who committed the offenses; and
- Any other factors that have been brought to your attention by the remaining evidence that you conclude bears upon the accuracy of the witness's in-court or out-of-court identification of the defendant.

Based upon any identifications by the witnesses and all additional evidence you have heard, you must be satisfied beyond a reasonable doubt that Mr. Braddy is the person who committed these

offenses before you may convict him. If the evidence concerning the identification of the defendant is not convincing beyond a reasonable doubt, you must find Mr. Braddy not guilty.

**Instruction No. 21: "On or About"**

The indictment charges that the offenses were committed "on or about" certain dates. The proof need not establish with certainty the exact date of the alleged offenses. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses were committed on a date reasonably near the date alleged.

ELEMENTS OF THE CHARGED OFFENSES

I will now talk to you about the specific offenses charged in the indictment. The indictment in this case contains two counts under 18 U.S.C. § 922(g)(1): (1) Possession of a Firearm by Person Previously Convicted of a Crime Punishable by Term of Imprisonment Exceeding One Year ("Gun Count"); and (2) Possession of Ammunition by Person Previously Convicted of a Crime Punishable by Term of Imprisonment Exceeding One Year ("Ammunition Count").

**Instruction No. 22: Gun Count Elements**

The elements of possession of a firearm by a person who has previously been convicted of a crime punishable by imprisonment for a term exceeding one year, each of which the government must prove beyond a reasonable doubt, are that:

1. Mr. Braddy possessed a firearm;
2. He did so voluntarily and on purpose, and not by mistake or accident;
3. The firearm had been shipped or transported from one state to another (the District of Columbia is considered a state for this purpose);

4. At the time Mr. Braddy possessed the firearm, he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; and
5. At the time Mr. Braddy possessed the firearm, he knew he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

The parties have stipulated that the Glock pistol, Government Exhibit 301, is a firearm. The parties have further stipulated that prior to August 27, 2023, Mr. Braddy had previously been convicted of a crime punishable by imprisonment for a term exceeding one year and that he knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year. The parties further stipulated that there are no gun manufacturers in the District of Columbia, and that the firearm admitted into evidence had been shipped or transported from one state to another.

**Instruction No. 23: Ammunition Count Elements**

The elements of possession of ammunition by a person who has previously been convicted of a crime punishable by imprisonment for a term exceeding one year, each of which the government must prove beyond a reasonable doubt, are that:

1. Mr. Braddy possessed ammunition;
2. He did so voluntarily and on purpose, and not by mistake or accident;
3. The ammunition had been shipped or transported from one state to another (the District of Columbia is considered a state for this purpose);
4. At the time Mr. Braddy possessed the ammunition, he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year; and
5. At the time Mr. Braddy possessed the ammunition, he knew he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

The parties have stipulated that prior to August 27, 2023, Mr. Braddy had previously been convicted of a crime punishable by imprisonment for a term exceeding one year and that he knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year. The parties further stipulated that there are no ammunition manufacturers in the District of Columbia, and that the ammunition admitted into evidence had been shipped or transported from one state to another.

**Instruction No. 24: Separate Acquisition or Storage**

As previously explained, Counts One and Two each charge Mr. Braddy with violating 18 U.S.C. § 922(g)(1). Count One concerns the gun, Count Two concerns the ammunition.

If you find Mr. Braddy guilty of Count One, you may find him guilty of Count Two only if the Government proves one additional element beyond a reasonable doubt: that the gun charged in Count One and the ammunition charged in Count Two were separately acquired or separately stored. The Government may satisfy this element by proving beyond a reasonable doubt that the gun and ammunition were acquired at different times or places, or were stored at different times or places.

If you find Mr. Braddy not guilty of Count One, you should disregard this instruction in your consideration of Count Two.

**Instruction No. 25: Proof of State of Mind**

Someone's intent or knowledge ordinarily cannot be proved directly, because there is no way of knowing what a person is actually thinking, but you may infer someone's intent or knowledge from the surrounding circumstances. You may consider any statement made or acts done by the defendant, and all other facts and circumstances received in evidence which indicate his intent or knowledge.

You may infer, but are not required to infer, that a person intends the natural and probable consequences of acts he intentionally did or intentionally did not do. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial. You should consider all the circumstances in evidence that you think are relevant in determining whether the government has proved beyond a reasonable doubt that Mr. Braddy acted with the necessary state of mind.

**Instruction No. 26: Possession**

Possession means to have physical possession or to otherwise exercise control over tangible property. A person may possess property in either of two ways. First, the person may have physical possession of it by holding it in his hand or by carrying it in or on his body or person. This is called "actual possession." Second, a person may exercise control over property not in his physical possession if that person has both the power and the intent at a given time to control the property. This is called "constructive possession." Mere presence near something or mere knowledge of its location, however, is not enough to show possession.

To prove possession of a firearm against Mr. Braddy in this case, the government must prove beyond a reasonable doubt that he had either actual or constructive possession of the firearm.

To prove possession of ammunition against Mr. Braddy in this case, the government must prove beyond a reasonable doubt that he had either actual or constructive possession of the ammunition.

**Instruction No. 27: Defendant's Theory of the Case**

It is the Defendant's theory of the case, on the 27th of August 2023, Mr. Pres Braddy did not possess any firearm or ammunition presented as evidence in this case.

We will now hear closing arguments.

CONCLUDING INSTRUCTIONS

**Instruction No. 28: Unanimity—General**

A verdict must represent the considered judgment of each juror, and in order to return a verdict, each juror must agree on the verdict. In other words, your verdicts must be unanimous.

**Instruction No. 29: Verdict Form Explanation**

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be. Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which the government must prove beyond a reasonable doubt. The form is meant only to assist you in recording your verdict. Please follow the instructions closely.

**Instruction No. 30: Exhibits During Deliberation**

I will be sending into the jury room with you the exhibits that have been admitted into evidence. You may examine any or all of them as you consider your verdict. Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

If you wish to examine the gun or ammunition, please notify the clerk by a written note, and the marshal will bring them to you. For security purposes, the marshal will remain in the jury room while each of you has the opportunity to examine this evidence. You should not discuss the evidence or otherwise discuss the case among yourselves while the marshal is present in the jury room. You may ask to examine this evidence as often as you find it necessary.

**Instruction No. 31: Selection of Foreperson**

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task, be mindful of your mission—to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

**Instruction No. 32: Possible Punishment Not Relevant**

The question of possible punishment of the defendant in the event of a conviction is not a concern of yours and should not enter into or influence your deliberations in any way. The duty of imposing a sentence in the event of a conviction rests exclusively with me. Your verdict should be based solely on the evidence in this case, and you should not consider the matter of punishment at all.

**Instruction No. 33: Cautionary Instruction on Publicity, Communications, Research**

I would like to remind you that, in some cases, although not necessarily this one, there may be reports in the newspaper or on the radio, internet, or television concerning this case. If there should be such media coverage in this case, you may be tempted to read, listen to, or watch it. You must not read, listen to, or watch such reports because you must decide this case solely on the evidence presented in this courtroom. If any publicity about this trial inadvertently comes to your attention, do not discuss it with other jurors or anyone else. Just let me or my clerk know as soon as possible after it happens as you can, and I will then briefly discuss it with you.

As you retire to the jury room to deliberate, I also wish to remind you of an instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

**Instruction No. 34: Communications Between Court and Jury During Deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note through Ms. Jenkins or one of the marshals, signed by your foreperson or by one or more members of the jury. No member of the jury should try to communicate with me about the case except by such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstances, to reveal to any person—not Ms. Jenkins, the marshal, or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 6-6 or 7-5 or 11-1, or in any other fashion—whether the vote is for conviction or acquittal or on any other issue in the case.

**Instruction No. 35: Attitude and Conduct of Jurors in Deliberations**

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance. It may not be useful for a juror, upon entering the jury room, to voice a strong expression of an opinion on the case or to announce a determination to stand for a certain verdict. When one does that at the outset, a sense of pride may cause that juror to hesitate to back away from an announced position after a discussion of the case. Furthermore, many juries

find it useful to avoid an initial vote upon retiring to the jury room. Calmly reviewing and discussing the case at the beginning of deliberations is often a more useful way to proceed. Remember that you are not partisans or advocates in this matter, but you are judges of the facts.

**Instruction No. 36: Excusing Alternate Jurors**

The last thing I must do before you begin your deliberations is to excuse the alternate jurors. As I told you before, the selection of an alternate was an entirely random process; it's nothing personal. We selected two seats to be the alternate seats before any of you entered the courtroom. Since the rest of you have remained healthy and attentive, I can now excuse the jurors in seats 2 and 6.

Before you leave, I am going to ask you to make sure Ms. Jenkins has all of your current information. I do this because it is possible that we will need to summon you back to rejoin the jury in case something happens to a regular juror. Since that possibility exists, I am also going to instruct you not to discuss the case with anyone until we call you. My earlier instruction on use of the Internet still applies; do not research this case or communicate about it on the Internet. If you are not needed, we will be calling you to tell you there has been a verdict and you are now free to discuss the case; there is, however, a chance that we will need to bring you back on to the jury. Thank you very much for your service, and please report back to the jury office to turn in your badge on your way out.

**Instruction No. 37: Delivering the Verdict**

When you have reached your verdict, just send me a note informing me of this fact, and have your foreperson sign the note. Do not tell me what your verdict is. The foreperson should fill out and sign the verdict form that will be provided. I will then call you into the courtroom and ask your foreperson to read your verdict in open court.

Thank you. You may now retire to begin your deliberations.